IN THE CIRCUIT COURT TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY ILLINOIS

| | |
|---|---|
| ROBERT ISSACS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-L-644 |
| | ) |
| ST. CLAIR COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

Forth Amended Complaint
Count 1

After given leave of court, plaintiff Robert Isaacs complaining of defendant St. Clair County Jail alleges:

1. On November 14, 2004, at approximately 5:00 p.m. Warren Rogers attacked plaintiff Robert Isaacs in the AB Wing of the defendant St. Clair County Jail in the jail cell that both Rogers and Isaacs were confined.

2. After said attack, Isaacs notified a jail employee and showed the employee several lacerations on Isaacs's face and neck caused by Rogers's attack.

3. After the jail employee saw the blood on Isaacs's face, the jail employee told Isaacs that it is shift change and that another employee would attend to Isaacs right away.

4. After being notified of the dangerous conditions of the jail cell, the jail personnel allowed Rogers to remain in the same jail cell as Isaacs.

5. During shift change, the jail employees ignored Isaacs, and as a result Rogers attacked Isaacs for a second time severely injuring him.

6. Other detainees knew that Rogers was a constant troublemaker and that Rogers attacked Isaacs.

7. Prior to the first attack, Rogers was sentenced to jail on numerous occasions for felonies involving physical violence toward others.

8. Prior to the first attack, the jail employees had documentation of Rogers's violent propensities toward others.

9. Prior to the first attack, St. Clair County Jail even placed Rogers in segregation for his violent acts.

10. Prior to the first attack, St. Clair County Jail Disciplinary & Adjustment Committee found Rogers guilty of two violent Rule Violations. The latest of said violations occurred less than one month prior to Rogers's attacks on Isaacs. As a result of the violations, St. Clair County Jail placed Rogers on 15-day Lock Down status which ended merely three weeks prior to Rogers's attacks on Isaacs.

11. St. Clair County Jail through its agents including jail personnel knew or should have known of Rogers's dangerous propensities toward others prior to the first attack on Isaacs and especially prior to the second attack on Isaacs.

12. St. Clair County Jail has a duty to keep the jail in a reasonably safe condition by, among other things:

(1) Protecting inmates;
(2) Separate an inmate that poses a danger to other inmates;
(3) Following Illinois laws, codes, rules, regulations, policies, and procedures;
(4) Following Title 20, Section 701.70 of the Joint Committee on Administrative Rules including, but not limited to, the Rules governing:

Classification and Separation:

(a) Classification information

Each facility shall have written guidelines for the classification of detainees that specify criteria and procedures for determining and changing the status, assignment, or security of a detainee. To determine each detainee's degree of security, housing, programs, and

assignments, the following items of information, to the extent available, shall be considered, among other matters:

...

5) Past criminal history, including known prior institutional history.

...

5) Following St. Clair County Jail's Policies including, but not limited to, the following Special Management Detainee Policy:

Administrative Custody:

1. Detainee who display a chronic inability to adjust in general population or who pose a serious threat to the security of the facility and/or staff will be classified as AC [administrative custody] by the Classification Officer or, in his absence, the shift supervisor.

13.     As a result of the jail personnel's negligence in failing to keep the jail in a reasonably safe condition, in accordance with the above, Isaacs then and there sustained severe, permanent and progressive injuries, both externally and internally. By reason of his injuries, Isaacs has had and with reasonable certainty will continue to have disability or loss of a normal life, pain and suffering, medical expenses, and lost wages or earnings.

WHEREFORE, Plaintiff Robert Isaacs prays for judgment against defendant St. Clair County Jail in an amount in excess of $50,000.00 and the costs of this action.

### Count 2

Plaintiff Robert Isaacs complaining of defendant St. Clair County Jail alleges:

1-12.   Plaintiff re-alleges paragraphs 1-12 of Count 1 of his Forth Amended Complaint.

13.     As a result of the jail personnel's willful and wanton failure to keep the jail in a reasonably safe condition, Isaacs then and there sustained severe, permanent and progressive injuries, both externally and internally. By reason of his injuries, Isaacs has had and with reasonable certainty will continue to have disability or loss of a normal life, pain and suffering, medical expenses, and lost wages or earnings.

WHEREFORE, Plaintiff Robert Isaacs prays for judgment against defendant St. Clair

County Jail in an amount in excess of $50,000.00 and the costs of this action.

## Count 3

Plaintiff Robert Isaacs complaining of defendant St. Clair County Jail alleges:

1-13. Plaintiff re-alleges paragraphs 1-13 of Count 2 of his Forth Amended Complaint.

14. This Count is brought pursuant to 42 U.S.C.A. Sec. 1983.

WHEREFORE, Plaintiff Robert Isaacs prays for judgment against defendant St. Clair County Jail in an amount in excess of $50,000.00 and the costs of this action.

## Count 4

Plaintiff Robert Isaacs complaining of defendant County of St. Clair County, a body politic and corporate alleges:

1-13. Plaintiff re-alleges paragraphs 1-13 of Count 1 of his Forth Amended Complaint.

14. At all relevant times, St. Clair County Jail is an agent of defendant County of St. Clair County, a body politic and corporate.

WHEREFORE, plaintiff Robert Isaacs prays for judgment against defendant St. Clair County, a body politic and corporate in an amount in excess of $50,000.00 and the costs of this action.

## Count 5

Plaintiff Robert Isaacs complaining of defendant County of St. Clair County, a body politic and corporate alleges:

1-13. Plaintiff re-alleges paragraphs 1-13 of Count 2 of his Forth Amended Complaint.

14. At all relevant times, St. Clair County Jail is an agent of defendant County of St. Clair County, a body politic and corporate.

WHEREFORE, plaintiff Robert Isaacs prays for judgment against defendant County of

St. Clair County, a body politic and corporate in an amount in excess of $50,000.00 and the costs of this action.

## Count 6

Plaintiff Robert Isaacs complaining of defendant County of St. Clair County, a body politic and corporate alleges:

1-14. Plaintiff re-alleges paragraphs 1-14 of Count 5 of his Forth Amended Complaint.

15. This Count is brought pursuant to 42 U.S.C.A. Sec. 1983.

WHEREFORE, plaintiff Robert Isaacs prays for judgment against defendant County of St. Clair County, a body politic and corporate in an amount in excess of $50,000.00 and the costs of this action.

## Count 7

Plaintiff Robert Isaacs complaining of defendant St. Clair County Sheriff's Department, a local public entity, alleges:

1-13. Plaintiff re-alleges paragraphs 1-13 of Count 1 of his Forth Amended Complaint.

14. At all relevant times, St. Clair County Jail is an agent of defendant St. Clair County Sheriff's Department, a local public entity.

WHEREFORE, plaintiff Robert Isaacs prays for judgment against defendant St. Clair County Sheriff's Department, a local public entity, in an amount in excess of $50,000.00 and the costs of this action.

## Count 8

Plaintiff Robert Isaacs complaining of defendant St. Clair County Sheriff's Department, a local public entity, alleges:

1-13. Plaintiff re-alleges paragraphs 1-13 of Count 2 of his Forth Amended Complaint.

14.	At all relevant times, St. Clair County Jail is an agent of defendant St. Clair County Sheriff's Department, a local public entity.

WHEREFORE, plaintiff Robert Isaacs prays for judgment against defendant St. Clair County Sheriff's Department, a local public entity, in an amount in excess of $50,000.00 and the costs of this action.

### Count 9

Plaintiff Robert Isaacs complaining of defendant St. Clair County Sheriff's Department, a local public entity, alleges:

1-14.	Plaintiff re-alleges paragraphs 1-14 of Count 8 of his Forth Amended Complaint.

15.	This Count is brought pursuant to 42 U.S.C.A. Sec. 1983.

WHEREFORE, plaintiff Robert Isaacs prays for judgment against defendant St. Clair County Sheriff's Department, a local public entity, in an amount in excess of $50,000.00 and the costs of this action.

Benjamin F. Goldenhersh
Registration Number 6282971
Attorney for Plaintiff
GOLDENHERSH & GOLDENHERSH, P.C.
6400 West Main Street, Suite 3-J
Belleville, IL 62223-3806
(618) 398-5900

## CERTIFICATE OF SERVICE

I, Benjamin F. Goldenhersh, being sworn, state that I served a copy of the forgoing comprising of 7 pages, upon:

**Via Hand Delivery Only**
MICHAEL J. GARAVALIA
BECKER, PAULSON, HOERNER,
& THOMPSON, P.C.
511 WEST MAIN STREET
BELLEVILLE, IL 62226

on the 8th day of June, 2008, at 1:00 p.m.

Benjamin F. Goldenhersh