IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT DOUGLAS ISAACS**,[1]

**Plaintiff,**

v.

**ST. CLAIR COUNTY JAIL,
the COUNTY OF ST. CLAIR,
a body politic and corporate,
and the ST. CLAIR COUNTY
SHERIFF'S DEPARTMENT,**

**Defendants.**                                                No. 08-0417-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Defendants' motion to dismiss (Doc. 5). Plaintiff opposes the motion (Doc. 6). Based on the following, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

On June 10, 2008, Defendants removed this case from the St. Clair County, Illinois Circuit Court to this Court based on federal question jurisdiction (Doc. 2). Originally, Plaintiff sued Defendants in state court on November 9, 2005 based on state law. Thereafter on June 9, 2008, Plaintiff filed a Fourth Amended

---

[1] The Court notes that the caption of the Fourth Amended Complaint states Plaintiff's name as "Robert Issacs." However, throughout the pleadings both parties spell his name as "Isaacs." Thus, the Court assumes that the caption of the Fourth Amended Complaint contains a typographical error and will use "Isaacs" to refer to Plaintiff.

Complaint against the St. Clair County Jail, St. Clair County, and the St. Clair County Sheriff's Department (Doc. 2-3). The Fourth Amended Complaint contains nine counts in which three counts (Counts 3, 6 and 9) are brought pursuant to 42 U.S.C. § 1983 and the remaining counts are brought pursuant to state common law - negligence and willful and wanton conduct.[2]

Plaintiff alleges that on November 14, 2004 around 5:00 p.m., while he was incarcerated at the St. Clair County Jail, he was attacked by his cell mate, Warren Rogers. Isaacs alleges that he informed the jail personnel of the dangerous conditions of the cell; that jail personnel ignored Isaacs and allowed Rogers to remain in the cell with him and that Rogers attacked him a second time severely injuring him. (Doc. 2-3 p. 1). The Fourth Amended Complaint also alleges that the jail employees "had documentation of Rogers's violent propensities toward others" and that previously "St. Clair County Jail even placed Rogers in segregation for his violent acts." (Doc. 2-3 p. 2). Counts 1, 4 and 7 allege that "[a]s a result of the jail personnel's negligence in failing to keep the jail in a reasonable safe condition, ..., Isaacs then and there sustained severe, permanent and progressive injuries, both externally and internally." (Doc. 2-3 p. 3). Counts 2, 5 and 8 allege that the jail personnel's conduct was willful and wanton in failing to keep the jail in a reasonably safe condition.

---

[2]Counts 1, 2, and 3 are against St. Clair County Jail; Counts 4, 5 and 6 are against St. Clair County and Counts 7, 8 and 9 are against the St. Clair County Sheriff's Department.

## II. Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under Federal Rule of Civil Procedure 8. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief. " **FED. R. CIV. P. 8(a)(2)**. In 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do ...." ***Id.* at 1964-65 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986))**. The Seventh Circuit has read the ***Bell*** *Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted)**.

In ***Tamayo v. Blagojevich,*** the Seventh Circuit emphasized that even though **Bell Atlantic** "retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation," notice pleading is still all that is required. **526 F.3d 1074, 1083 (7th Cir. 2008).** "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." ***Id.; Accord Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir.2008)( "surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the allegations "must be enough to raise a right to relief above the speculative level")**.

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. ***Tricontinental Industries, Inc., Ltd. v. Price WaterhouseCoopers, LLP,* 475 F.3d 824, 833 (7th Cir.),** *cert. denied,* **--- U.S. ----, 128 S.Ct. 357, 169 L.Ed.2d 34 (2007)**; ***Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006)**; ***Corcoran v. Chicago Park* District, 875 F.2d 609, 611 (7th Cir. 1989)**.

### III.  <u>Analysis</u>

**State Common Law Claims – Counts 1, 2, 4, 5 and 7 and 8**

As stated previously, Counts 1, 2, 4, 5, 7 and 8 are state common law claims based on negligence and willful and wanton conduct. These counts allege either that Defendants negligently (Counts 1, 4, & 7) or that Defendants willfully and

wantonly (Counts 2, 5 and 8) failed to keep the jail in a safe and reasonable condition by failing to enforce the Department's rules and regulations. Defendants argue that they are immune from suit under 745 ILCS 10/4-03. In response, Isaacs contends that this case is not about supervision, but that the Defendants are liable for the failure to protect inmates and to separate inmates according classification according to certain criteria. Specifically, Isaacs argues that Defendants are liable for failing to follow rules and procedures set in place. As to the willful and wanton claims, Plaintiff argues that immunity is not absolute and that there is an exception for special duty.

Section 4-103 provides:

> Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in the Section requires the periodic inspection of prisoners.

The immunity provided by § 4-103 was intended by the Illinois legislature to be absolute. ***Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998)(citing *Jefferson v. Sheahan*, 664 N.E.2d 212, 215-17 (Ill App. 1996))**. The Illinois Supreme Court has refused to recognize implicit exceptions for willful and wanton conduct under the Tort Immunity Act. Rather, the Illinois Supreme Court has consistently stated that they immunity granted by the Tort Immunity Act is absolute unless the General Assembly has expressly included an exception for willful and wanton conduct in the section at issue. ***E.g., DeSmet ex rel. Estate of Hays v.***

*County of Rock Island*, 848 N.E.2d 1030, 1041 (Ill. App. 2006); *Village of Bloomingdale v. CDG Enterprises, Inc.*, 752 N.E.2s 1090, 196 (Ill. 2001); *Henrich v. Liberty High School*, 712 N.E2d 298, 305 (Ill. 1998); *See, e.g.*, 745 ILCS 10/4-105, 10/2-202, 10/3-16 (all with plain language providing exceptions to immunity for "willful and wanton conduct."). The immunity under Section 4-103 is therefore absolute.

Thus, the Court agrees with Defendants. The clear language of section 4-103 with its express reference to detentional facilities conveyed the legislature's intent to bar claims grounded upon allegations of failing to safeguard plaintiff while detained in jail. *See Bollinger v. Schnieder*, 381 N.E.2d 849 (Ill. App. 1978); *Fraley v. City of Elgin*, 621 N.E.2d 276 (Ill. App. 1993). That is precisely what Plaintiff is claiming here. Based on the case law, the Court finds that these claims as alleged in the Fourth Amended Complaint are governed by Section 4-103. Defendants are immune from liability on the claims in Counts 1, 2, 4, 5, 7 and 8.

**42 U.S.C. § 1983 Claims - Counts 3, 6, and 9**

Next, Defendants argue that Isaacs' § 1983 claims must be dismissed because they are based solely on respondeat superior liability for the acts and omissions of Defendants' employees and that no individuals are named as defendants in the Fourth Amended Complaint or any of the earlier complaints. Specifically, Defendants argue that Isaacs' allegations that his injuries arose from the

jail personnel's negligence and/or willful and wanton conduct are insufficient to state a claim of constitutional liability. Isaacs contends that Defendants were on notice that Rogers was "assaultive" and had "violent tendencies." Moreover, Isaacs asserts that Defendants had knowledge that Rogers had attacked other inmates before he attacked him.

Before addressing the merits of the argument, the Court notes that under Federal Rule of Civil Procedure 17(b), a defendant named in a law-suit must have the legal capacity to be sued. **Fed.R.Civ.P. 17(b)**. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. ***Jackson v. Village of ROsemont,* 536 N.E.2s 720, 723 (Ill. App. 1988)**.

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. ***Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D. Ill. 1992);** *see **West By and Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)**. The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. **Ill. Const. 1970, art. VII, § 4(c)**. The sheriff is responsible for jail operations, medical treatment of inmates and actions of his officers. **730 ILCS § 125/2; ILCS 125/17**. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. ***Magnuson,* 812 F.Supp. at 827**. Article VII of the Illinois Constitution does not

establish any county police or county jail as a separate and individual legal entity. **ILL. CONST. art. VII, § 1**.

Because Federal Rule of Civil Procedure 17(b) requires that the defendant in a federal lawsuit to be an established entity, these Defendants, St. Clair County Jail and St. Clair County Sheriff's Department, are not properly named. Therefore, because the St. Clair County Jail and the St. Clair County Sheriff's Department are not separate legal entities and cannot be sued under **42 U.S.C. § 1983**, Counts 3 and 9 must be dismissed with prejudice. The Court now turns to address the merits.

In ***Monell v. N.Y. City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)**, the Supreme Court established both the fact that "municipalities and other local government units [were] included among those persons to whom § 1983 applies," ***id.* at 690, 98 S.Ct. 2018**, and the limits of such actions. Most importantly, ***Monell*** held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." ***Id.* at 691, 98 S.Ct. 2018**. Instead, municipal liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." ***Id.* at 694, 98 S.Ct. 2018**. The Seventh Circuit has identified three different ways in which a municipality or other local governmental unit might violate § 1983:(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a "wide-spread practice"

that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with "final decision policymaking authority." ***McTigue v. City of Chi., 60 F.3d 381, 382 (7th Cir. 1995)***.

Based on the allegations in the Fourth Amended Complaint, albeit slim, the Court finds Isaacs has stated a cause of action under 42 U.S.C. § 1983 and at this stage of the proceedings, Isaacs' § 1983 claim against St. Clair County survives.

### IV. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES** in part Defendants' motion to dismiss (Doc. 5). The motion is granted in part in that the Court **DISMISSES with prejudice** Counts 1, 2, 3, 4, 5, 7, 8 and 9. The motion is denied in part as to Count 6, the 1983 claim against St. Clair County. Further, the Court **DISMISSES with prejudice** St. Clair County Jail and St. Clair County Sheriff's Department.

**IT IS SO ORDERED.**

Signed this 29th day of January, 2009.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**