IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT DOUGLAS ISAACS**,[1]

**Plaintiff,**

**v.**

**ST. CLAIR COUNTY JAIL,
the COUNTY OF ST. CLAIR,
a body politic and corporate,
and the ST. CLAIR COUNTY
SHERIFF'S DEPARTMENT,**

**Defendants.**   No. 08-0417-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is the County of St. Clair's motion for summary judgment (Doc. 29). Specifically, St. Clair argues that Isaacs has insufficient evidence to meet any of the three "custom and policy" bases upon which liability may be found against it. Isaacs opposes the motion arguing that genuine issues of material fact preclude summary judgment (Doc. 30).[2] Based on the pleadings, the applicable law and the following, the Court grants the motion.

---

[1] As noted previously, the caption of the Fourth Amended Complaint states Plaintiff's name as "Robert Issacs." However, throughout the pleadings both parties spell his name as "Isaacs." Thus, the Court assumes that the caption of the Fourth Amended Complaint contains a typographical error and will use "Isaacs" to refer to Plaintiff.

[2] Isaacs' response does not contain any case law or any exhibits in support of his opposition.

On June 10, 2008, Defendants removed this case from the St. Clair County, Illinois Circuit Court to this Court based on federal question jurisdiction (Doc. 2). Originally, Plaintiff sued Defendants in state court on November 9, 2005 based on state law. Thereafter on June 9, 2008, Plaintiff filed a Fourth Amended Complaint against the St. Clair County Jail, St. Clair County, and the St. Clair County Sheriff's Department (Doc. 2-3). The Fourth Amended Complaint contains nine counts in which three counts (Counts 3, 6 and 9) are brought pursuant to 42 U.S.C. § 1983 and the remaining counts are brought pursuant to state common law - negligence and willful and wanton conduct.[3]

Plaintiff alleges that on November 14, 2004 around 5:00 p.m., while he was incarcerated at the St. Clair County Jail, he was attacked by his cell mate, Warren Rogers. Isaacs alleges that he informed the jail personnel of the dangerous conditions of the cell; that jail personnel ignored Isaacs and allowed Rogers to remain in the cell with him and that Rogers attacked him a second time severely injuring him. (Doc. 2-3 p. 1). The Fourth Amended Complaint also alleges that the jail employees "had documentation of Rogers's violent propensities toward others" and that previously "St. Clair County Jail even placed Rogers in segregation for his violent acts." (Doc. 2-3 p. 2).

On January 29, 2009, the Court dismissed all of Plaintiff's claims except for his Section 1983 claim contained in Count 6 against St. Clair County (Doc. 22).

---

[3]Counts 1, 2 and 3 are against St. Clair County Jail; Counts 4, 5 and 6 are against St. Clair County and Counts 7, 8 and 9 are against the St. Clair County Sheriff's Department.

Thereafter, St. Clair County moved for summary judgment (Doc. 29).

### III. Summary Judgment Standard

Summary Judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **FEDERAL RULE OF CIVIL PROCEDURE 56(c)**.

To defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." ***Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006), cert. denied, 549 U.S. 1210 (2007)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))**. "Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment." ***Haywood v. North American Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997); see also Fed.R.Civ.P. 56(e)("an opposing party may not rely on allegations or denials in its own pleading")**.

This Court can find a genuine issue of material fact precluding summary judgment "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." ***Argyropoulos v. City of Alton*, 539 F.3d 724, 731 (7th Cir. 2008)( quoting *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007))**. In ruling on a summary judgment motion, this Court views

the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party (here, Isaacs). ***TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007)**. Bearing these principles in mind, the Court assesses the record before it, having carefully reviewed all the materials submitted with the summary judgment briefs.

## IV. <u>Analysis</u>

In ***Monell v. N.Y. City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)**, the Supreme Court established both the fact that "municipalities and other local government units [were] included among those persons to whom § 1983 applies," ***id.* at 690, 98 S.Ct. 2018**, and the limits of such actions. Most importantly, ***Monell*** held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." ***Id.* at 691, 98 S.Ct. 2018**. Instead, municipal liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." ***Id.* at 694, 98 S.Ct. 2018**. The Seventh Circuit has identified three different ways in which a municipality or other local governmental unit might violate § 1983: (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) through

an allegation that the constitutional injury was caused by a person with "final decision policymaking authority." **McTigue v. City of Chi., 60 F.3d 381, 382 (7th Cir. 1995); Klebanowksi v. Sheahan, 540 F.3d 633, 637 (7th Cir. 2008)**.

**Express Policy**

Here, the Policy at issue states:

> Special Confinement will be imposed only for the duration and to the degree necessary to ensure the safety of the detainee and staff and the security of the institution. Special confinements may involve loss of privileges, restriction of movement, and/or cell confinement. Reassignment to another housing unit may be warranted, as determined by Classification Officer or shift supervisor. Detainee in any special confinement status will be afforded the basic living conditions and privileges of detainee in general population. This applies to both male and female detainee in special confinement status. Any status change or action which results in loss of privileges shall be fully documented and forwarded to the Jail Superintendent.

The Court rejects Isaacs' argument that the policy is vague and is tantamount to having no policy at all. In fact, St. Clair County had both an express disciplinary segregation policy and an administrative segregation policy in place. The policy provides that special confinement/administrative custody will be imposed to the degree necessary to ensure the safety of detainees and staff and the security of the institution. The evidence reveals that prior to the incident with Isaacs, Rogers was disciplined and periodically segregated after each prior altercation with the other detainees.[4] Isaacs has not established a rule or regulation, or lack thereof, that

---

[4]The exhibits submitted by St. Clair County reveal that since 2000 Rogers had been involved in three other fights with other detainees at St. Clair County Jail. The first incident occurred on June 7, 2000; the second incident occurred on August 20, 2004; and the third

resulted in a constitutional deprivation.

**Widespread Practice**

As to this issue, Isaacs contends that the custom or usage of St. Clair County was to put detainees with violent tendencies with other detainees. "When a plaintiff chooses to challenge a municipality's unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference." *Palmer v. Marion County*, **327 F.3d 588, 596 (7th Cir. 2003)**(citing *Jackson v. MArion County*, **66 F.3d 151, 152 (7th Cir. 1995)**; *City of Oklahoma City v. Tuttle*, **471 U.S. 808, 823-24 (1985)**. Isaacs fails to present any evidence to support his argument of custom or usage of placing detainees with violent propensities with other detainees. Moreover, there is no evidence in the record supporting his allegations. Isaacs points to his attacks and three others by Rogers over a four year period. These incidents are insufficient and do not create a genuine issue as to whether there was a general policy or a widespread practice of an unconstitutional nature.

**Final Decision Policymaking Authority**

As to this prong, Isaacs argues that Rogers had been found guilty by the Jail Disciplinary Committee of three major violations and each time was segregated for only 15-30 days and this resulted in other detainees only being safe for the 15-30

---

occurred on October 4, 2004 (Doc. 29: Exhibits 3, 4 and 5).

days that Rogers was segregated. Isaacs further argues that the Jail Superintendent is a person with final decision policy making authority and therefore the injuries that the Jail Superintendent allowed were cruel and unusual which he inflicted by ignoring Rogers' violent attacks. The Court rejects Isaacs' argument. Under this prong, Isaacs has not shown either a person with policymaking authority or an official action that implements or creates official policy. ***See Taylor v. Carmouche,*** **214 F.3d 788, 791 (7th Cir. 200)**. There is no evidence that the Jail Superintendent was aware, or even should have been aware, of the alleged first attack by Rogers on Isaacs prior to the second attack. Further, there is no evidence that the jail employee who allegedly disregarded the initial attack was a person with policy making authority. There is no evidence that any injury to Isaacs was caused by an individual with final decision policymaking authority.

Based on the record before the Court, the evidence is insufficient to establish the existence of any of the three types of policies articulated. Isaacs submitted no evidence showing an express endorsement of the policies he claims caused his injuries. Moreover, he has not established a widespread policy. Likewise, he offered no evidence that any policymaker caused the circumstances of which he complained, assuming those circumstances were actually present in the jail. The policy at the jail is clear. Isaacs has not and cannot make a case against St. Clair County.

## V. Conclusion

Accordingly, the Court **GRANTS** Defendant the County of St. Clair's motion for summary judgment (Doc. 29). The Court enters judgment in favor of the Defendant the County of St. Clair and against Plaintiff Robert Douglas Isaacs. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 27th day of May, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**